BELSOME, J.
concurs in part and dissents in part with reasons.
| ,As the majority recognizes, Daly-Sub-lette’s own corporate representative testified that Daly-Sublette’s plans provided for the sprinkler head to be installed at least four inches from the paved walkway, and that this design was not in compliance with any formal guidelines; rather, the four-inch specification was to avoid a trip hazard. It is undisputed that the sprinkler head was less than four inches from the sidewalk at the time of Ms. Lingoni’s accident. Considering this fact in conjunction with Daly-Sublette’s admission that the four-inch specifications were drawn up as a safety measure and not pursuant to any architectural standards or guidelines, this writer finds that issues of fact remain *385 regarding the necessity of expert testimony to establish liability on the part of Daly-Sublette or Sizeler.[1]
Accordingly, summary judgment with respect to Daly-Sublette and Sizeler was unwarranted under these particular facts and circumstances. See Chevron U.S.A., Inc. v. State, 2007-2469, p. 16 (La.2008) 993 So.2d 187, 197. Therefore, I dissent with regard to the affirmation of the grant of summary judgment in favor of Sizeler and Daly-Sublette. With respect to the affirmation of the trial court’s grant |2of summary judgment as to Shamrock Construction and Paradise Gardens, I join in the majority’s reasoning and result.

. See Pfiffner v. Correa, 94-0924 (La. 10/17/94), 643 So.2d 1228, 1234 (expert testimony not required where a layperson can infer negligence).